IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CURTIS FLOYD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:20-CV-02974-ELR |
| | * | |
| TIFFANY MANUEL, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

**O R D E R**

This case is before the Court on a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2)(B). Magistrate Judge J. Clay Fuller granted Plaintiff *in forma pauperis* ("IFP") status and directed the Clerk to submit the matter to this Court for frivolity review. [Doc. 4].

**I.    Legal Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a "court shall dismiss [an IFP claim] at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "A lawsuit is frivolous if it is 'without arguable merit either in law or fact.'" Gary v. U.S. Gov't, 540 F. App'x 916, 917 (11th Cir. 2013) (quoting Napier v. Preslicka, 314 F.3d 528,

531 (11th Cir. 2002)). "Dismissal for frivolity is warranted when a claim is based on an indisputably meritless legal theory, [the claim] relies on factual allegations that are clearly baseless, which includes allegations that are fanciful, fantastic, and delusional, or the facts alleged rise to the level of the irrational or the wholly incredible." Id.

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Reddy v. Gilbert Med. Transcription Serv., Inc., 588 F. App'x 902, 903 (11th Cir. 2014). Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted); see also Rembert v. Florida, 572 F. App'x 908, 909 (11th Cir. 2014). A complaint fails to state a claim when it lacks "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. A plaintiff must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 557).

As is relevant here, complaints pleaded *pro se* are "held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citation and internal quotation marks omitted). The Court "must look beyond the labels of filings by *pro se* plaintiffs to interpret them under whatever statute would provide relief." Wilkerson v. Georgia, 618 F. App'x 610, 611 (11th Cir. 2015) (alterations omitted). However, the Court cannot rewrite a deficient pleading, and *pro se* plaintiffs are required to comply with the threshold requirements of the Federal Rules of Civil Procedure. Lizana-Jackson v. U.S.-Dep't of the Treasury, No. 1:13-CV-3815-AT, 2013 WL 7118115, at *2 (N.D. Ga. Nov. 25, 2013).

## II.  Discussion

Plaintiff Curtis Floyd, proceeding *pro se*, attempts to bring claims against Defendants Tiffany Manuel, Bruce Wright, Keith Melton, Eric Whitlow, Patsy Roberts, and Jacob Rhein for violating O.C.G.A. § 16-9-121 (Identity Fraud) and O.C.G.A. § 16-8-3 (Theft by Deception).[1] Compl. at 4 [Doc. 3]. According to the Complaint, Plaintiff claims that his sister "stole inher[i]ta[n]ce money" from him and his son. Id. Plaintiff further asserts that "the Court produ[c]ed fraud[u]lent documents on her behalf." Id. at 4. Thus, Plaintiff seeks $500,000, the amount he claims he is entitled to. Id. at 5.

---

[1] The Court notes that both statutes cited by Plaintiff are criminal statutes.

3

Upon review of Plaintiff's Complaint, the Court finds it is due to be dismissed for failure to state a claim. The Complaint contains conclusory and vague allegations and amounts to "an unadorned, the-defendant-unlawfully-harmed-me accusation." See Iqbal, 556 U.S. at 678. Such a shotgun pleading is insufficient. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322–23 (11th Cir. 2015) (types of shotgun pleadings include complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and complaints "not separating into a different count each cause of action or claim for relief"). In short, Plaintiff's Complaint fails to give Defendants "adequate notice of the claims against them and the grounds upon which each claims rests." Id.

Additionally, the Court notes that neither of the statutes cited by Plaintiff creates a private cause of action for damages arising from their violation. See O.C.G.A. § 16-8-3; O.C.G.A § 16-9-121. Thus, Plaintiff cannot maintain such a cause of action in this suit. See Anthony v. Am. Gen. Fin. Servs., 697 S.E.2d 166, 172 (Ga. 2010) (noting that the violation of a criminal statute on its own "does not create a civil cause of action for damages in favor of the victim or anyone else").

Normally, the Court must allow a pro se plaintiff the opportunity to amend his complaint at least once before dismissing the action. Gary, 540 F. App'x at 917; Langlois v. Traveler's Ins. Co., 401 F. App'x 425, 427 (11th Cir. 2010). "This requirement does not apply, however, when even a more carefully drafted complaint

4

would not state a claim." Sandford v. Patterson, No. 5:13-CV-284 (HL), 2013 WL 5781668, at *3 (M.D. Ga. Oct. 25, 2013). In light of the Court's findings above, any amendment would be futile.

### III. Conclusion

For the foregoing reasons, the Court **DISMISSES** Plaintiff's Complaint [Doc. 3] and **DIRECTS** the Clerk to close this case.

**SO ORDERED**, this 21st day of July, 2020.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia